986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven CONLEY, Petitioner-Appellant,
v.
Stephen T. SMITH, Respondent-Appellee.
 No. 92-5930.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 Steven Conley, a Kentucky prisoner proceeding without the assistance of counsel, appeals from the order of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On July 21, 1983, Steven Conley was tried to a jury and found guilty of arson and burglary. The trial court imposed a sentence of 20 years imprisonment. On January 28, 1992, Conley filed a petition for a writ of habeas corpus in which he asserted that there was insufficient evidence upon which to find him guilty and that he was wrongfully deprived of an opportunity to directly appeal his conviction.
 
 
 4
 The district court determined that Conley had procedurally defaulted and thereby waived his state court appeal by intentionally and voluntarily withdrawing a motion that sought to vacate the original judgment and enter a new one in order to revive his appellate rights. Accordingly, Conley's petition was dismissed. From that order of dismissal, Conley appeals.
 
 
 5
 Upon review, we find no error.
 
 
 6
 Conley's direct criminal appeal was dismissed for failure to perfect the appeal. Thereafter, Conley, with counsel, filed a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 to vacate the judgment and enter a new one in order to revive Conley's appellate rights. The state readily agreed that Conley was entitled to one appeal as of right under Kentucky Constitution § 115 and agreed to the vacation of the judgment in order to enter a new one from which Conley could perfect an appeal.
 
 
 7
 Instead of allowing a new judgment to be entered, however, Conley instructed his attorney to withdraw the RCr 11.42 motion and an order was entered granting the motion to withdraw on February 22, 1985. Four years later, Conley filed a motion for belated appeal. The Kentucky Supreme Court remanded the case to the Jefferson County Circuit Court for a hearing to determine whether Conley had waived any rights he had to an appeal. The Jefferson County Circuit Court conducted an evidentiary hearing and concluded that because of Conley's voluntary withdrawal of the RCr 11.42 motion, he waived his right to a belated appeal.
 
 
 8
 A federal court will not review a state court decision on a question of federal law if the decision rests on adequate and independent state grounds such as noncompliance with the state's procedural requirements. Coleman v. Thompson, 111 S.Ct. 2546, 2553 (1991).
 
 
 9
 Inasmuch as a state procedural rule was not complied with and that rule was an adequate and independent state ground, it falls to Conley to demonstrate that there was "cause" for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. Wainwright v. Sykes, 433 U.S. 72, 87 (1977).
 
 
 10
 In order to establish "cause" the petitioner must present a substantial reason to excuse the procedural default. Conley cannot demonstrate that there was "cause" for him not to follow the procedural rule. At the state evidentiary hearing, the attorney representing Conley testified that Conley and Conley's "Legal Aide" communicated to him in person Conley's desire that he withdraw the RCr 11.42 motion to vacate judgment. The attorney also testified that he took a statement or waiver to that effect to Conley but that he refused to sign it. Conley testified that he did not request withdrawal of the motion. He further testified that he was concerned with the possibility of being retried and that counsel should have done more about producing a transcript of his trial. The Jefferson County Circuit Court concluded that Conley "objectively, perhaps with some misunderstanding of its logical effect, waive[d] this constitutional right." The record reflects that the motion to withdraw the RCr 11.42 motion was made with Conley's knowledge and desire. He cannot, therefore, demonstrate that there was "cause" for him not to follow the procedural rule.
 
 
 11
 Accordingly, the order of the district court denying Conley's petition for a writ of habeas corpus is hereby affirmed for the reasons set forth in the district court's memorandum opinion dated July 6, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation